# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

RONALD SATISH EMRIT,

                Plaintiff,

vs.

PRESIDENT DONALD TRUMP, *et al.,*

                Defendants.

Case No. 5:19-cv-00002-RRB

## ORDER OF DISMISSAL

Ronald Satish Emrit, representing himself, has filed an 21-page civil Complaint against President Donald Trump and four federal agencies, the United States Department of Agriculture (USDA), the United States Department of Commerce, the Federal Trade Commission (FTC), and the International Trade Commission (ITC).[1] Mr. Emrit alleges (1) tortious interference with business relations/contracts; (2) a violation of the Equal Protection Clause; (3) a violation of the Due Process Clause; (4) a violation of the Privileges and Immunities Clause; a violation of the Americans with Disabilities Act (ADA); and a violation of the Civil Rights Act of 1964.[2] Mr. Emrit claims diversity jurisdiction in this case.[3] He seeks

---

[1] Docket 1 at 1, 4–5.

[2] *Id.* at 7–19.

[3] *Id.* at 5–6.

$80,000 in damages, as well as injunctive relief.[4] Mr. Emrit has also filed an Application to Waive the Filing Fee.[5]

The Court takes judicial notice[6] that Mr. Emrit has filed the same claims asserted in his current lawsuit against the same defendants, requesting the same relief, in other federal district courts around the country.[7]

## Screening Requirements

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action

      (i) is frivolous or malicious;

      (ii) fails to state a claim on which relief may be granted; or

---

[4] *Id.* at 19–21.

[5] Docket 3.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[7] *See, e.g., Emrit v. Trump, et al.*, 1:19-cv-00018, Docket 1-1 (S.D. Ohio, Jan. 7, 2019); *Emrit v. Trump, et al.*, 4:19-cv-40005, Docket 1 (D. Mass. Jan. 7, 2019); *Emrit v. Trump, et al.*, 3:19-cv-00031 (S.D. Cal. Jan. 7, 2019), Docket 1; *Emrit v. Trump, et al.*, 1:19-cv-00124, Docket 1 (D. Hawaii, March 8, 2019).

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 2 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 2 of 9

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] In this case, amendment would be futile.

Federal Rule of Civil Procedure 8(a) requires that a complaint include:

(1) a short and plain statement of the grounds for the court's jurisdiction …;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[12]

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[11] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

[12] Fed. R. Civ. P. 8(a).

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 3 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 3 of 9

## Analysis

Below is primarily a description of some preliminary problems with this case. Other substantive issues need not be addressed.

1.  <u>The plaintiff is responsible for establishing this Court's jurisdiction over the case</u>.

    Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[13] As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[14] That is, the United States Constitution or a federal statute must generally be at issue to establish this Court's jurisdiction. It is Mr. Emrit's burden, as the plaintiff, to show that this Court has jurisdiction to hear his claims.[15] "It is to be presumed that a cause lies *outside* this limited jurisdiction[.]"[16]

---

[13] *Black's Law Dictionary* (10th ed, 2014).

[14] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[15] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[16] *Kokkonen* 511 U.S. at 377 (citation omitted) (emphasis added).

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 4 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 4 of 9

2. <u>Venue is not appropriate in Alaska</u>.

Mr. Emrit lists his street address in Sarasota, Florida, but claims to be a resident of Nevada.[17] He provides Washington, D.C., addresses for the defendants.[18]

Under 28 U.S.C. § 1391, the federal venue statute, venue is not appropriate in Alaska because Mr. Emrit has not alleged that any of the parties reside in, or that any of the allegations arise from, defendants' actions in the State of Alaska.[19] As explained by the United States District Court for the Southern District of Ohio in one of Mr. Emrit's identical federal cases:

> Neither President Trump nor any of the identified federal agencies reside in Ohio, and none of Plaintiff's allegations or claims (which primarily focus on the recent imposition of trade tariffs on China) relate to any "substantial" events in Ohio. No real property is involved; rather, Plaintiff's claims include: (1) Tortious interference with an existing contract; (2) Violation of equal protection clause; (3) Violation of due process clause; (4) Violation of the privileges and immunities clause; (4) Violation of the Americans with Disabilities Act; and (6) Violation of Title VII of the Civil Rights Act. (Doc. 1-1). Pursuant to 28 U.S.C. § 1391(e), venue for Plaintiff's claims most likely exists where "the plaintiff resides" which is presumed to be in the Nevada district of Plaintiff's alleged residence or possibly at his address in Florida. Venue does not exist in this district.[20]

---

[17] Docket 1 at 4.

[18] *Id.* at 4–5.

[19] *See* 28 U.S.C. § 1391(1), (2).

[20] *Emrit v. Trump,* 2019 WL 140107 *3 (S.D. Ohio Jan. 9, 2019) (Report & Recommendation, adopted, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019)) ("[V]enue over Plaintiff's claims does not exist in this Court. Plaintiff asserts that venue exists under either 28 U.S.C. § 1391 or 28 U.S.C. § 1400. The latter statute has no applicability to Plaintiff's claims."); *see also Emrit v. Trump,* 2019 WL 1461920 *1–*2 (D. Hawaii March 18, 2019), adopted 2019 WL 1461907 (D. Hawaii April 2, 2019)) ("Plaintiff asserts various claims

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 5 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 5 of 9

Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[21] The United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[22] Mr. Emrit has not alleged facts in his Complaint sufficient to invoke personal jurisdiction within Alaska.

In order to state jurisdiction under the federal venue statute, Mr. Emrit would have to allege facts contrary to the facts alleged in his initial Complaint. Thus, amendment would be futile in this case.[23]

---

against Defendants President Donald Trump, the U.S. Department of Commerce, the U.S. Department of Agriculture, the Federal Trade Commission, and the International Trade Commission… Plaintiff claims he is a resident of Nevada, none of the events giving rise to the claims occurred in Hawaii, and Plaintiff has not asserted that any of the Defendants may be subject to personal jurisdiction in Hawaii. Accordingly, without addressing the merits of the Complaint, the District of Hawaii is not the proper venue for Plaintiff's Complaint."); *Emrit v. Trump,* 3:19-cv-00031, Docket 6 (S.D. Cal. Jan. 31, 2019) (dismissed for improper venue).

[21] *Black's Law Dictionary* (definition of "personal jurisdiction").

[22] *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945); *see also* 28 U.S.C. § 1391(b)(3) ("If there is no district in which an action may otherwise be brought as provided in this section, [a civil action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

[23] *Garmon,* 828 F.3d at 846 ("A district court does not abuse its discretion in denying leave to amend where it would have been impossible for the plaintiff to amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'") (citation omitted).

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 6 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 6 of 9

3. <u>Frivolous claims</u>.

Mr. Emrit filed the same claims in several federal district courts around the country, against the same defendants named in his current case in this Court.[24] The case filed in the United States District Court for the Southern District of Ohio was dismissed under 28 U.S.C. § 1915(e)(2)(B), and Mr. Emrit "declared a harassing and vexatious litigator, and therefore is ENJOINED AND PROHIBITED from filing any additional complaints in the Southern District of Ohio which have not first been certified to have been filed in the correct venue by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee."[25]

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[26] A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[27] Mr. Emrit's case is frivolous.

---

[24] *See, e.g., Emrit*, 2019 WL 140107 *2 ("Plaintiff identifies five Defendants: (1) President Donald Trump; (2) United States Department of Agriculture; (3) United States Department of Congress; (4) Federal Trade Commission; and (5) International Trade Commission."); *see also* footnote 7, above.

[25] *Emrit v. Trump,* 2019 WL 935028 *1 (S.D. Ohio Feb. 26, 2019).

[26] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[27] *Cato*, 70 F.3d at 1105 n.2 (citations and internal quotations omitted); *see also Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 7 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 7 of 9

Further, given the large number of federal cases filed by Mr. Emrit,[28] the Court does not find this frivolous case to be appropriate for transfer to another jurisdiction under 28 U.S.C. § 1404.[29] As explained by the United States District Court for the Southern District of Ohio:

> Looking to the allegations contained in the present complaint, the undersigned concludes that the allegations are patently frivolous and should be dismissed rather than transferred to another federal venue. Apart from facially apparent standing issues, this Court lacks subject matter jurisdiction because [Mr. Emrit] fails to include sufficient factual material sufficient to state any plausible claim against any Defendant. As the District of Columbia wrote in what appears to be the sole published case involving [Mr. Emrit] (out of his hundreds of federal cases), "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"[30]

---

[28] Westlaw.com. The Court of Appeals for the Ninth Circuit has entered a pre-filing review order for Mr. Emrit's appeals. *See, e.g., Emrit v. Regional Transit Center,* 2019 WL 2455426 *1 (9th Cir. May 31, 2019) ("This court has reviewed the notice of appeal filed March 7, 2019 in the above-referenced district court docket pursuant to the pre-filing review order entered in docket No. 15-80221. Because this court lacks jurisdiction over this appeal, it shall not be permitted to proceed.") (citations omitted); *see also Emrit v. Secretary of Hawaii*, 2018 WL 264851 *2 n.2 (D. Hawaii Jan. 2, 2018) (taking "judicial notice of Emrit's extensive record of filing in districts nationwide, including those in which he has been deemed a vexatious litigant or subjected to prefiling requirements") (citations omitted); *Emrit v. National Academy of Recording Arts and Sciences*, 2015 WL 518774 *3 (W.D. Texas Feb. 5, 2015) ("Sanctions are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. … Plaintiff certainly has such a history. A PACER search reveals Emrit has filed no fewer than forty-seven … meritless lawsuits since March of 2013 in federal courts across the country[.]") (citations and list of cases omitted).

[29] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, *in the interest of justice*, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") (emphasis added).

[30] *Emrit*, 2019 WL 140107 *4 (quoting *Emrit v. National Institutes of Health*, 157 F. Supp. 3d 52, 54 (D.C. Ct. 2016) (internal citations omitted)).

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 8 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 8 of 9

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B), without prejudice to the filing of cognizable claims in an appropriate venue.

2. The Application to Waive the Filing Fee, at Docket 3, is DENIED.

3. The Clerk of Court is directed to enter a judgment accordingly.

DATED at Anchorage, Alaska, this 21st day of June, 2019.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

5:19-cv-00002-RRB, *Emrit v. Trump, et al.*
Order of Dismissal
Page 9 of 9
Case 5:19-cv-00002-RRB   Document 4   Filed 06/21/19   Page 9 of 9